UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KODI POST,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PARMA,<br><br>    Defendant. | Case No. 1:22-cv-00520-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Defendant City of Parma's Motion for Summary Judgment (Dkt. 25). The Court heard oral argument on August 13, 2024. For the reasons discussed, the Court denies the City's motion.

### I. BACKGROUND

Plaintiff Kodi Post is a former employee of the City. Post originally began working for the Parma Police Department as an administrative assistant. Later, Parma Police Chief David McKillican hired Post and Jeff Gruidl as police officers. (Dkt. 25-2 at ¶ 4; Dkt. 28-1 at ¶ 4). Gruidl received his employment offer on December 22, 2020, and Post received her offer on January 4, 2021. (Dkt. 25-2 at ¶ 9). On that same day, January 4, both Post and Gruidl were sworn in as officers. (Dkt. 25-2 at ¶¶ 3; Dkt. 28-1 at ¶¶ 1- 2). At that time, neither were certified under the Peace Officer Standards Training. (Dkt. 28-1 at ¶ 3). After January 4, Post stopped performing her duties as an administrative assistant and began training as an officer. (*Id.*).

Shortly after Gruidl and Post were sworn in as officers, Chief McKillican resigned, and Sergeant Tiffany Murray became the interim police chief. (Dkt. 25-2 at ¶ 5; Dkt. 28-1 at ¶ 5).

Following Chief McKillican's resignation, Post was asked in mid-February to return to her position as an administrative assistant. The parties dispute, however, the reason for the change.

According to the City, the Parma City Council requested Mayor Angie Lee to ask Post to return to her administrative position because the Department "did not have sufficient personnel to train two new officers." (Dkt. 25-2 at ¶ 6). The City "maintains that the reason it gave [Gruidl] primary focus for new officer training over [Post] was because Gruidl had received his offer of employment first." (*Id.* at ¶ 8).

Post, however, contends the City offered her a different explanation for its request. According to Post, Murray halted Post's training and asked her to return to her administrative position "so that the new police chief could make police officer selections" and "because [Gruidl] had a family and had quit his job to become a Parma police officer." (Dkt. 28-1 at ¶ 6-8). Post claims Murray never told her that Murray lacked time to train both Post and Gruidl. (*Id.*).

A few days after Murray asked Post to return to her administrative position, Post met with Lee and Murray. (*Id.*). According to Post, Lee stated at this meeting that the reason for asking Post to return to her administrative position was because Gruidl was hired first. (*Id.*). Further, Post contends Lee "was clear [Post] would no longer be working as a Parma police officer." (*Id.*). Post characterizes the City's request that she return to her administrative position as a demotion.

After Post returned to her administrative position, Post reported to the City's human resource department that Murray was making inappropriate comments. Specifically, on March 5, 2021, Post told Mary Huett, the City's human resource manager, that Post "felt uncomfortable and unsafe" because Murray had made "sexually offensive and harassing comments." (*Id.* at ¶ 13). Huett, however, "took no action." (*Id.*). Later that same day, Post reported Murray's sexually

**MEMORANDUM DECISION AND ORDER - 2**

harassing conduct to Lee, who Post contends likewise took no action. (*Id.*). As a result of their inaction, Post "told [Lee that] she felt unprotected and that she was not being treated fairly and would be resigning." (*Id.*). That day, March 5, Post submitted her resignation letter. (*Id.*). She characterizes her resignation as a constructive discharge, however. (*Id.* at ¶ 17).

In December 2022, Post sued the City, alleging claims of negligent and intentional infliction of emotional distress and gender discrimination based on both disparate treatment and a hostile work environment. After discovery, the City moved for summary judgment on Post's gender discrimination claims. (Dkt. 25). On reply, however, the City concedes disputed issues of material fact preclude summary judgment on Post's hostile work environment claim. (Dkt. 29 at p. 6). Accordingly, the only claim subject to the City's summary judgment motion is Post's claim of gender discrimination based on disparate treatment.

## II.  LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or

discovery, "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. To defeat a summary judgment motion, the nonmoving party need only present evidence on which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017). The nonmoving cannot simply rely on an unsworn affidavit or the pleadings to defeat a summary judgment motion; rather, the nonmoving party must set forth the "specific facts," supported by evidence, with "reasonable particularity" that preclude summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The trial court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick*, 850 F.3d at 441. At the summary judgment stage, the trial court must view the evidence in the light most favorable to the nonmoving party. If evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The trial court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

### III.  ANALYSIS

The City argues it is entitled to summary judgment on Post's claim of gender discrimination for disparate treatment because Post cannot demonstrate the City asked her to return

to her administrative position based on her gender. Title VII of the Civil Rights Act prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[1] 42 U.S.C. § 2000e-2(a). To establish a disparate treatment claim under Title VII, the plaintiff must show that "(1) [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).

If the plaintiff establishes her prima facie case under the shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973),[2] the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. If the employer meets this burden, then the plaintiff must show the proffered reason is pretext for unlawful discrimination. *Id.* at 804. "The plaintiff may show pretext either (1) by showing that unlawful discrimination more likely motivated the employer, or (2) by showing that the employer's

---

[1] Post's complaint alleges gender discrimination under both Title VII and the Idaho Human Rights Act, Idaho Code §§ 67-5901-5912, and courts interpret these statutes coextensively. *Frogley v. Meridian Joint Sch. Dist. No.* 2, 314 P.3d 613, 619 (Idaho 2013); *Hoppe v. McDonald*, 644 P.2d 355, 358 (Idaho 1982).

[2] As an alternative to showing a prima facie case under the *McDonnell Douglas* framework, a plaintiff may establish a prima facie case by showing direct or circumstantial evidence of discrimination. *Hittle v. City of Stockton*, 101 F.4th 1000, 1011-12 (9th Cir. 2024), *petition for cert. filed* (U.S. Oct. 16, 2024) (No. 24-427). Both parties in this case, however, rely on the *McDonnell Douglas* framework.

**MEMORANDUM DECISION AND ORDER - 5**

proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Also, "[a] plaintiff may meet the burden to show pretext using either direct or circumstantial evidence." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094-95 (9th Cir. 2005). Direct evidence is evidence proving the fact of discriminatory animus without inference or presumption and "typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." *Id.* at 1095. In contrast, circumstantial evidence "requires an additional inferential step to demonstrate discrimination." *Id.* Circumstantial evidence may be affirmative; for example, statistical evidence if "sufficiently probative" may show bias. *Id.* Alternatively, circumstantial evidence may be negative; for example, the employer's proffered explanation for an adverse action may be "unworthy of credence." *Id.* (quotation marks omitted).

Here, for purposes of summary judgment, the City concedes Post has established a prima facie case of gender discrimination based on disparate treatment,[3] and Post implicitly concedes the City has articulated a legitimate, nondiscriminatory reason for its employment decision, namely that the City did not halt Gruidl's training because he received his employment offer first. (Dkt. 25-1 at p. 3; Dkt. 28 at p. 8) (acknowledging City's explanation shifts burden back to Post to offer pretextual evidence). Thus, the crux of the City's summary judgment motion is whether Post has presented sufficient evidence to establish a factual question that the City's justification for its employment decision is pretextual.

---

[3] Because the City concedes for purposes of summary judgment that Post established a prima facie case, the Court does not need to address whether Post's return to her administrative position was a demotion or whether her resignation was a constructive discharge.

Post argues that the City's explanation for returning her to her administrative position because Gruidl received his employment offer first is "nonsensical and lacks credence" and that the timing of the employment offers is of no "consequence." (Dkt. 28 at p. 9). Post, however, offers no direct evidence the City's justification is pretextual. For example, she does not offer any fact, such as a clear statement or act on behalf of the City, showing discriminatory animus without inference or presumption. *Coghlan*, 413 F.3d at 1095.

Rather, Post's evidence of pretext is circumstantial because she relies on statements requiring "an additional inferential step to demonstrate discrimination." *See id.* (describing circumstantial evidence). One of those statements is Murphy's statement that Gruidl was not asked "to step down . . . because he had a family and had quit his job to become a Parma police officer." (Dkt. 28 at p. 8). Post argues this statement infers the City "was applying gender-based stereotypes" to maintain Gruidl in a "male breadwinner position" and demote Post to a "traditional[] female role." (*Id.* at p. 9).

The other statement on which Post relies to show a pretext is Murphy's statement that Post needed to return to her administrative position so "the new police chief could make police officer selections." (*Id.*). Post contends this statement contradicts the City's other explanation that Gruidl would be trained first because he was offered employment first. (*Id.*). Further, Post notes both she and Gruidl were initially being simultaneously trained before her training "suddenly halted" about six weeks later. (*Id.*). She argues this fact "fatally undermin[es]" the City's narrative that it "always intended" "staggered training." (*Id.*).

Based on this circumstantial evidence, Post argues the City's "shifting, contradictory rationales" and its gender-stereotype explanation demonstrate a triable issue of pretext. (*Id.* at

**MEMORANDUM DECISION AND ORDER - 7**

p. 10). In support, Post cites dated Ninth Circuit authority providing a plaintiff in an employment discrimination case only needs to produce "very little evidence" to survive summary judgment. (Dkt. 28 at p. 4) (citing *Chuang*, 225 F.3d at 1124; *Lam v. Univ. of Hawaii*, 40 F.3d 1551, 1564 (9th Cir. 1994) ("We require very little evidence to survive summary judgment in a discrimination case. . . ."); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (ruling evidence necessary to avoid summary judgment "is minimal and does not even need to rise to the level of a preponderance of the evidence")).

Unfortunately, more recent Ninth Circuit decisions regarding the quantum of circumstantial proof necessary to avoid summary judgment on the issue of pretext is less clear than the less recent authorities Post cites. Since those older authorities, the Ninth Circuit has ruled that "when a plaintiff relies on circumstantial evidence, that evidence must be 'specific and substantial' to defeat the employer's motion for summary judgment." *Coghlan*, 413 F.3d at 1095. Later, however, the Ninth Circuit questioned whether the distinction between direct and circumstantial evidence is valid and stated the "specific and substantial standard is tempered by [the Ninth Circuit's] observation that a plaintiff's burden to raise a triable issue of pretext is hardly an onerous one." *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015) (quotations omitted).

Most recently, the Ninth Circuit's decision in *Hittle v. City of Stockton, Ca.*, 101 F.4th 1000 (9th Cir. 2024), *petition for cert. filed* (U.S. Oct. 16, 2024) (No. 24-427), indicates the rule about the quantum of circumstantial proof necessary to show a pretext to avoid summary judgment remains unsettled. In *Hittle*, an aspect of the employer's conduct was religious in nature, including for example comments about the plaintiff being part of a "Christian coalition" and a "church clique." *Id.* at 1013. Regardless, the majority ruled an employer's conduct with "a nexus to a

protected characteristic is not enough to preclude summary judgment for the employer." *Id.* at 1017. The majority concluded such circumstantial evidence was "neither specific nor substantial enough to support a finding of unlawful employment discrimination." *Id.* In contrast, however, the opinions in *Hittle* dissenting from the denial of rehearing en banc reiterated that "as a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Id.* at 1019 (Ikuta, J., dissenting) (citing *Chuang*, 225 F.3d at 1124); *id.* at 1018-19 (Callahan, J., dissenting) (same).

Here, whether Post has offered sufficient circumstantial evidence of a pretext necessary to overcome summary judgment likely turns on whether the Court applies either the rule that evidence of pretext must be "specific and substantial" or the conflicting rule that "very little" evidence is necessary because "the ultimate question [of pretext] is one that can only be resolved through a searching inquiry [which] is most appropriately conducted by a factfinder, upon a full record." *Chuang*, 225 F.3d at 1124; *France*, 795 F.3d at 1175. While Post's evidence is not specific and substantial, she has presented at least some evidence of an alleged pretext, which is aptly described as "very little."

Because the City acknowledges it will have to try Post's other claims—including her claims of sexual harassment and emotional distress—and because the law in the Ninth Circuit is unsettled, the Court concludes Post has produced sufficient evidence to create a factual issue regarding pretext which precludes summary judgment for the City on her disparate treatment claim. Rule 1 of the Federal Rules of Civil Procedure, which requires the Court to construe the rules "to secure a just, speedy, and inexpensive determination of every action and proceeding,"

supports the decision to allow Post to proceed to trial on her disparate treatment claim along with her other unchallenged claims.

## IV.  ORDER

**IT IS ORDERED that** Defendant's Motion for Summary Judgment (Dkt. 25) is **DENIED**.

DATED: November 22, 2024

Amanda K. Brailsford
U.S. District Court Judge